## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Hesham and Nadia Alomari, ) | Bankruptcy No. 10 B 47008 |
| ) | |
| Debtor, ) | |
| ) | |
| Erica Chriswell, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 10 A 02312 |
| v. ) | |
| ) | |
| Hesham and Nadia Alomari, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION ON MOTION TO STRIKE AND DISMISS
### FOURTH AMENDED COMPLAINT

This Adversary proceeding relates to the pending Chapter 7 bankruptcy case of Hesham and Nadia Alomari ("Defendants"). Defendants filed their motion to strike and dismiss the pending Fourth Amended Adversary Complaint of Erica Chriswell ("Plaintiff") pursuant to Rules 12(h) and 12(f) Fed. R. Civ. P., made applicable to this proceeding by Rule 7012 Fed. R. Bankr. P. The motion also seeks to strike certain allegedly immaterial matter. For reasons set forth herein, the Defendants' motion to strike and dismiss will be denied.

### JURISDICTION AND VENUE

Jurisdiction lies to entertain this matter pursuant to 28 U.S.C. § 1334 and is referred here pursuant to Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. § 1409(a).

## BACKGROUND

Plaintiff originally filed this Adversary proceeding by filing her *pro se* Complaint on November 15, 2010, seeking to except a debt allegedly due her from discharge under 11 U.S.C. § 523. She asserted that Defendants failed to return her security deposit on a property she had leased. She was ordered to amend her Complaint to clarify it, so Plaintiff filed her First Amended Complaint. Defendants then filed a motion for a more definite statement. Plaintiff filed her Second Amended Complaint on January 20, 2011, and Defendants filed their Answer thereto on February 8, 2011. Under this Court's *pro bono* program, a volunteer attorney was appointed for Plaintiff. That attorney filed a Third Amended Complaint on March 28, 2011. Having differences with Plaintiff, that attorney then withdrew on April 12, 2011. Plaintiff made an oral motion to strike the Third Amended Complaint filed by her counsel and the motion was granted.

Defendants filed their pending motion to strike and dismiss the Adversary proceeding on May 4, 2011. On May 24, 2011, Plaintiff filed her Fourth Amended Complaint and Defendants' motion is taken to apply to the Fourth Amended Complaint. That Complaint states that on November 11, 2007, Plaintiff and Defendants entered into a lease with an option to buy (the "Lease") for the property known as 8046 Narragansett Avenue, in Burbank, Illinois. The Lease provided that Plaintiff would pay a security deposit of $53,000 and pay rent of $1,500 per month. Plaintiff alleges that she voiced concern to Defendants about the safety of her security deposit and Defendants' financial standing. She alleges she was told by Mr. Alomari that her security deposit would be kept "safe," and that Defendants' financial standing was "great" and "perfect," and that they "would never go bankrupt." Plaintiff alleges that Mr. Alomari knew these statements were false when they were made and that he intended his statements to induce

Plaintiff to pay Defendants the security deposit. Purportedly relying on those representations, she paid the deposit and made monthly rent payments thereafter. The security deposit was no longer held by Defendants when they filed for bankruptcy.

The Fourth Amended Complaint is pleaded in two Counts. Count I alleges that Mr. Alomari made the false representations knowing they would induce Plaintiff to enter into the Lease and that he committed actual fraud. Count II alleges that Defendants embezzled the security deposit, constituting embezzlement and committed defalcation while acting in a fiduciary capacity by failing to return the deposit.

On June 7, 2011, the parties were ordered to submit supplemental briefs addressing (1) whether the security deposit was held in trust and discussing any relevant local ordinances and applicable state laws and (2) if the security deposit was held in trust, whether 11 U.S.C. § 523(a)(4) applies in this proceeding.

## DISCUSSION

Defendants' motion to strike and dismiss asserts that Plaintiff's complaint does not state a claim upon which relief may be granted and that the Complaint contains material which is irrelevant and immaterial to the stated claim. Each will be addressed in turn.

### I.    Failure to State a Claim

Defendants filed this motion to dismiss pursuant to Rule 12(h)(2) Fed. R. Civ. P., but it is better characterized as a motion to dismiss for failure to state a claim upon which relief may be granted under Rules 12(b)(6) and 8(a). Rule12(b)(6) provides that a party may assert by motion its defense of failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the plaintiff is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It must give a defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a motion to dismiss, the complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level." *Id.* A plaintiff has to provide the "'grounds' of his 'entitle[ment] to relief'" rather than "labels, conclusions or a formulaic recitation of the elements of a cause of action . . . ." *Id.* (citation omitted). All well-pleaded allegations are accepted as true and the complaint is construed in the light most favorable to the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). It is not necessary under Federal pleading standards to plead separately all required elements of the cause of action. *See, e.g., Christensen v. Cnty. of Boone, Ill*, 483 F.3d 454, 466 (7th Cir. 2007) (under notice pleading "it is not necessary to plead facts matching elements of legal theories").

Defendants argue that the Second Amended Complaint fails to state a claim upon which relief may be granted because it fails to set forth the elements of a legal or statutory basis for those claims. The Second Amended Complaint contains factual allegations about the Lease and pre-bankruptcy proceedings between the parties in state court, but it does not specify a statutory basis for the assertion that Mr. Alomari made false representations and committed actual fraud, nor – the motion asserts – does it set forth any of the alleged false representations.

The Fourth Amended Complaint proceeds under 11 U.S.C. §§ 523(a)(2)(A) and (a)(4). On the § 523(a)(2)(A) claim, the Complaint alleges that Mr. Alomari made certain false representations regarding the safety of her security deposit, that he knew the representations were

4

false, that he intended that those representations induce Plaintiff to pay the large deposit, that she relied on those representations, and that she was damaged as a result of that reliance. The allegations are not a mere recitation of the cause of action, but include allegations of specific misrepresentations. As such, the Fourth Amended Complaint demonstrates a right to relief above a speculative level and gives Defendants fair notice of the claim and the grounds upon which it rests.

Plaintiff's § 523(a)(4) claim alleges that Defendants held the security deposit in a fiduciary capacity, that Defendants embezzled the security deposit, and that the appropriation of the security deposit while acting in a fiduciary capacity constituted a defalcation. The parties were ordered to submit supplemental briefs on the issues of whether the security deposit was held in trust and, if so, whether § 523(a)(4) applies.

The leading case in this Circuit on whether a security deposit constitutes a trust for the purposes of the Bankruptcy Code is *McGee v. Nelson (In re McGee)*, 353 F.3d 537 (7th Cir. 2003). *McGee* explained that

> [i]f the lease or governing statute treats the deposit as a form of loan to the landlord in order to create the possibility of a setoff if the tenant later incurs a debt to the landlord, then the tenant becomes an unsecured creditor in bankruptcy. On this understanding, each side's obligation–the tenant's duty to pay rent and cover any damage, and the landlord's to repay the deposit–is unsecured, which makes the debts "mutual" and readily offset. *Likewise, however, it is easy to imagine arrangements, created by contract or statute, that require landlords to treat security deposits as trust funds and thus create fiduciary duties.*

*Id.* at 540 (emphasis supplied). The lease at issue in *McGee* was subject to a Chicago ordinance which required that security deposits be held in an insured bank account, that the deposit remain

the tenant's property while on deposit, and also that the deposit not be commingled with other assets. *Id. McGee* held that the Chicago ordinance bore the "hallmarks of [a] trust" and, therefore, created a fiduciary duty in the landlord. *Id.* at 541.

The City of Burbank does not appear to have any ordinances relating to the handling of a tenant's security deposit by a landlord. Therefore, the terms of the Lease must control. Section III of the Lease between these parties provides that the

> Lessee shall pay a security deposit in the amount of $53,000 at the execution of this Agreement. Said security deposit shall be deducted from the purchase price at the time of closing in the event Lessee exercises her option to purchase. In the event Lessee does not exercise her right to purchase the premises, Lessor/Owner shall reimburse Lessee only the security deposit minus all sums used to repair damages to the premises caused by Lessee's use and occupancy. Said sum used for repairs and/or damages shall not exceed $5,000.

The Lease does not appear to create a trust in favor of Plaintiff. It is more like a lease establishing mutual debts described in *McGee,* in that the Plaintiff here had a duty to cover damages up to $5,000 and Defendants had a duty to repay the security deposit less the sum required to repair any damage to the premises. Unlike the applicable ordinance in *McGee*, the Lease here did not require that the security deposit be placed in an insured deposit account separate from other assets or that it be treated as Plaintiff's property. Therefore, the language in the Lease did not establish a fiduciary duty or create a trust in favor of Plaintiff.

Nevertheless, a § 523(a)(4) cause of action can be based on a fiduciary relationship other than one arising from an express trust. *In re Frain*, 230 F.3d 1014, 1017 (7th Cir. 2000). For purposes of § 523(a)(4), a fiduciary relationship exists where there is "a difference in knowledge or power between fiduciary and principal which . . . gives the former a position of ascendancy

over the latter." *In re Marchiando*, 13 F.3d 1111, 1116 (7th Cir. 1994). Examples of such relationships include lawyer-client, director-shareholder, and managing partner-limited partner. *See Frain*, 230 F.3d at 1017.

Plaintiff argues that there was a relationship of trust and confidence based on Mr. Alomari's representations and the amount of the security deposit. Defendants argue that there was no difference in knowledge or power that gave Defendants a position of ascendancy over Plaintiff creating a special confidence.

Plaintiff has alleged facts sufficient to demonstrate that a fiduciary relationship may have existed between the parties under *Marchiando* and that issue must be decided by trial. Therefore, Defendants' motion to dismiss for failure to state a claim is denied.

## II.    Motion to Strike

Under Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts generally disfavor motions to strike. *Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000).

Defendants' motion to strike alleges that paragraphs 4 through 7 of Plaintiff's Second Amended Complaint contains allegations that have no relevance whatsoever to the alleged claim. Defendants filed an Answer to the Second Amended Complaint on February 8, 2011. That Answer admitted the allegations of paragraphs 4 through 7, but requested that paragraphs 4 and 5 be stricken as immaterial. When the Third Amended Complaint was stricken, it was also ordered that the Second Amended Complaint stand as the Complaint here and Defendants were ordered to file an Answer or otherwise plead. No answer to the Fourth Amended Complaint has yet been

filed. Ordinarily, a motion to strike does not lie after an Answer has dealt with the pleadings referred to. *See* Fed. R. Civ. P. 12(f) (the court may act "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading"). However, under the foregoing circumstances, Defendants' motion to strike is not invalid for having been filed after a responsive pleading was filed because no Answer has been filed to the Fourth Amended Complaint.

Paragraphs 4 through 7 of the Second Amended Complaint contained the same information as paragraphs 4 through 7 of the Fourth Amended Complaint. Paragraph 4 states that Plaintiff filed a lawsuit in state court against Mr. Alomari in June of 2010 for breach of contract and fraud and provides Plaintiff's breakdown of alleged damages. Paragraphs 5 and 7 provide more background on the activities of the state-court action, and paragraph 6 states that Mr. Alomari filed bankruptcy on October 20, 2010. This background information is not irrelevant to the alleged claim. It details prior proceedings between the parties on issues presented in the Adversary proceeding and states the date that Defendants filed bankruptcy. These paragraphs will not be stricken from the Fourth Amended Complaint as they provide relevant background information on this proceeding.

## CONCLUSION

For the foregoing reasons, the Defendants' motion to strike and dismiss will be denied by separate order, and they will be ordered to file an Answer to the Fourth Amended Complaint.

Dated this ___ day of August, 2011.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge